UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **CHARLES STERLING WOMACK** | **CIVIL ACTION NO. 3:14-cv-2434** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **STANAVAN SHAW** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

    Pro se plaintiff Charles Sterling Womack filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on August 5, 2014. When he filed the complaint plaintiff was incarcerated in the Ouachita Parish Corrections Center. He complained that on June 15, 2014, he was struck in the chest by an inmate named Stanavan Shaw. Three days later he went to sick call because the pain did not subside. He was given over-the-counter pain medication but he insists that he needs an x-ray of his chest. He prayed for "financial compensation for pain and suffering cruel and unusual punishment and depression." He named a single defendant, his assailant, Stanavan Shaw. Plaintiff was released from custody on November 12, 2014.[1] His current whereabouts are unknown. On September 22, 2014, plaintiff was ordered to amend his complaint within 30 days to provide additional factual support for his claims. Plaintiff has not responded, has not advised the Court of his current whereabouts, and has not otherwise been in contact with the Court since he filed his motion to proceed in forma pauperis on August 27, 2014.

*Law and Analysis*

    Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff

---

[1] See http://www.opso.net/bookings/

fails to prosecute or to comply with these rules or a court order..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). The undersigned evaluated the original complaint pursuant to 28 U.S.C. §§1915 and 1915A and directed petitioner to amend and provide the information needed to further evaluate plaintiff's claims. Plaintiff has disregarded the order to amend. Further, as noted above, the available evidence suggests that plaintiff was released from custody on November 12, 2014, and plaintiff has not provided his current whereabouts in violation of Local Rule 41.3. Dismissal of the complaint is warranted.[2]

Therefore,

---

[2] It appears that dismissal at this time may result in the complete forfeiture of plaintiff's claims should he desire at some later date to pursue them. Indeed, it appears that many of his claims are already time-barred. Nevertheless, dismissal at this juncture would still be appropriate even if it ultimately "deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court rule or order is warranted where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As previously noted, plaintiff has submitted an inadequate pleading; he was instructed to amend to provide factual support for his conclusory claims; however, he has failed to do so within the time limitation provided. As noted above, the order did not seek a legal brief on plaintiff's part; indeed, the amend order directed him to provide only **FACTS** and still plaintiff has refused to comply.

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, January 7, 2014.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**